**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

JUANA GUTIERREZ,

          Plaintiff,

v.

    C.A. No. 1:26-cv-00368

TAYLOR FARMS NEW ENGLAND, INC.,

          Defendant.

**DEFENDANT TAYLOR FARMS NEW
ENGLAND, INC.'S NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Taylor Farms New England, Inc., ("TFNE") files this notice of removal, removing this action to the United States District Court for the District of Rhode Island from the Superior Court of the State of Rhode Island, Providence County, where the case is now pending. As grounds for removal, and for the purposes of removal only, TFNE states the following:

**I.     TFNE has timely filed this notice.**

1.     On May 4, 2026, Plaintiff Juana Gutierrez filed a complaint against TFNE in the Superior Court of the State of Rhode Island, Providence County, captioned, *Juana Gutierrez v. Taylor Farms New England, Inc.*, Case No. PC-2026-02332.

2.     On May 8, 2026, TFNE's agent for service of process received via process server copies of a Summons, Notice of Jury Trial, and Complaint. Under 28 U.S.C. § 1446(a), TFNE attaches copies of these documents, along with a copy of a Stipulation dated May 26, 2026, as

1

*Exhibit A*. These documents are the only process, pleadings, discovery, or orders TFNE knows were filed, issued, or purportedly served in the state-court action.[1]

3.      Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(1)(C), TFNE has timely filed this notice within 30 days after service of process.

**II.      Venue is proper in this Court.**

4.      The Providence County Superior Court for the State of Rhode Island is located within the District of Rhode Island. *See* 28 U.S.C. § 120. Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

**III.      This Court has jurisdiction over Gutierrez's claims under its diversity jurisdiction.**

5.      This action is properly removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over the subject matter of Gutierrez's claims under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States[.]" Under 28 U.S.C. § 1332(c), a "corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

**A.      Gutierrez's alleged damages exceed the required amount in controversy.**

6.      This is an action to recover damages for alleged (1) retaliation under the Rhode Island Whistleblowers' Protection Act, R.I.G.L. § 28-50-1, *et seq.*, ("RIWPA"); (2) sex-based discrimination under the Rhode Island Civil Rights Act, R.I.G.L. § 42-112-1, *et seq.*, ("RICRA"); (3) sex- and gender-based discrimination under the Rhode Island Fair Employment Practices Act,

---

[1]      Gutierrez's counsel indicated that she noticed the deposition of a TFNE employee, but TFNE's counsel has not received a copy of the notice.

R.I.G.L. § 28-5-1, *et seq.*, ("RIFEPA"); and (4) failure to accommodate Gutierrez's pregnancy under RIFEPA. (*See Exhibit A*, Complaint, Counts I–IV.)

7.    In Gutierrez's Complaint, she claims TFNE's alleged actions "unlawfully deprived [her] of her employment, income, benefits . . . , and other benefits accruing to the employment relationship, as well as caused . . . physical and emotional injury." (*Id.* ¶¶ 51, 57, 64.) Accordingly, she seeks "compensatory and punitive damages" and "attorneys' fees." (*Id.* at 4–5.)

8.    TFNE employed Gutierrez as a Line Operative and, as of 2025, paid her a regular rate of pay of $17.76 per hour. (*See* Declaration of Kerry Lindsay, attached as *Exhibit B* ("Lindsay Dec."), ¶¶ 2–3; Attachment 1 to Lindsay Dec.)

9.    Gutierrez's earned wages totaled approximately (a) $39,501.70 in 2021; (b) $29,280.87 in 2022; (c) $44,102.01 in 2023; and (d) $49,522.98 in 2024. (*See* Lindsay Dec., ¶ 4; Attachment 2 to Lindsay Dec.)

10.    Conservatively assuming this matter results in a judgment within one year from the date on which Gutierrez filed her Complaint, and without factoring in any pay increases, Gutierrez's alleged lost wages could likely range from approximately $63,066.49 to $106,664.90 (without accounting for any mitigation). *See Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 103 (D. Mass. 2013) (considering likely duration of litigation when assessing amount of lost wages at issue on plaintiff's motion to remand).

11.    Recent decisions involving similar claims have awarded employees emotional-distress damages around $30,000. *See* R.I. Comm'n for Hum. Rights, *Annual Report* at 15 (2023), available at http://www.richr.ri.gov/documents/FY23AnnualReport.pdf (describing order in *Jobe v. Siedi Transportation* as awarding an employee $30,000 in emotional-distress damages in disability-discrimination, failure-to-accommodate, and retaliation case).

12.     Gutierrez also alleges retaliation under the Rhode Island Whistleblowers' Protection Act, which ostensibly provides for mandatory treble damages. *See* R.I. Gen. Laws § 28-50-4.[2] Trebling Gutierrez's lost wages and emotional distress would result in a potential recovery of between $279,119.50 and $409,994.70.

13.     Finally, Gutierrez alleges she is entitled to recover reasonable attorney's fees. (*See Exhibit A*, Complaint, at 4–5.) A fee award alone would likely satisfy the amount in controversy. *See, e.g.*, *Gempp v. The Pres. Soc. of Newport Cnty.*, No. NC-2016-0406, 2020 WL 3071580, at *13 (R.I. Super. June 04, 2020) (awarding $242,283.45 in attorney's fees in single-plaintiff discrimination case). This only "reinforce[s] the conclusion that more than $75,000 was in controversy when this case was removed." *See Lucas*, 973 F. Supp. 2d at 104.

14.     Accordingly, the relief Gutierrez seeks exceeds $75,000, exclusive of interest and costs.

### B.     Gutierrez and TFNE are citizens of different states.

15.     Gutierrez is a natural person domiciled in Providence, Rhode Island. Although the complaint is devoid of specific factual allegations establishing Gutierrez's residence, Gutierrez must live in Providence County because she filed her complaint in Providence County, where TFNE does not have a presence. *See* R.I.G.L. § 9-4-3.

16.     TFNE is a corporation organized under the laws of the State of Delaware with a principal place of business in Salinas, California. TFNE is a wholly owned subsidiary of Taylor Fresh Foods, Inc. ("TFF"). TFF is a corporation organized under the laws of the State of Delaware with a principal place of business in Salinas, California. (*See* Declaration of Jim Bryan, attached as *Exhibit C*, ("Bryan Dec.") at ¶ 2.)

---

[2]     TFNE does not concede that a mandatory treble damages award is constitutional or otherwise appropriate, and reserves all rights to contest or challenge any treble damages award she may seek on any available basis.

17.     In *Hertz Corp. v. Friend*, the Supreme Court of the United States held that for the purposes of 28 U.S.C. § 1332(c), a corporation's principal place of business, or "nerve center," is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." 599 U.S. 77, 92–93 (2010); *accord Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 41–42 (1st Cir. 2016) (discussing that a corporation's principal place of business is located where the "owners, although . . . hands-off when it comes to day-to-day decisions, exercise 'ultimate' control over . . . [the company by setting] overall corporate policy and goals").

18.     TFNE has three officers. Jim Bryan is its president, Jeffrey Cook is its treasurer, and John Mazzei is its secretary. Mr. Bryan is located in Swedesboro, New Jersey, while Messrs. Cook and Mazzei are located in Salinas, California. (*See* Bryan Dec., ¶ 3.)

19.     TFNE also has four directors: Mr. Bryan, Alex Taylor, Bruce Taylor, and Garth Borman. Aside from Mr. Bryan, all of TFNE's directors are located in Salinas California. (*See id.*, ¶ 3.)

20.     TFNE maintains three bank accounts, all of which are located in California. TFNE has never maintained a bank account in Rhode Island. (*See id.*, ¶ 4.)

21.     TFNE does not own the facility it operates at 320 Commerce Park Road, North Kingstown, Rhode Island, or any other real property in Rhode Island. (*See id.*, ¶ 5.)

22.     TFNE's Rhode Island facility services one corporate customer, Infinity Fresh Kitchen LLC ("Infinity"), pursuant to the terms of a certain Master Services Agreement ("MSA"). TFNE negotiated and entered into the MSA from Salinas, California. (*See id.*, ¶ 6.)

23.     Infinity, a subsidiary of Ahold Delhaize USA Services, Inc. ("Ahold"), is a Delaware limited liability company. (*See* Bryan Dec., ¶ 7; R.I. Secretary of State, *Certification of Limited Liability Company Annual Report* (May 26, 2026); R.I. Secretary of State, *Application for*

*Registration* (May 26, 2026), attached as *Exhibit D*.) Infinity's three managers are located in Quincy, Massachusetts. (*See Exhibit D*.)

24.    Under the MSA's choice-of-law and forum-selection clauses, the parties agreed that New York law would govern any disputes arising under the MSA and the state and federal courts of New York would have exclusive jurisdiction over any dispute. (*See* Attachment 1 to Bryan Dec., pg. 3.) The parties further agreed that all required notices under the MSA would be provided to Ahold in Quincy, Massachusetts, and to TFF in Salinas, California, respectively. (*See* Attachment 1 to Bryan Dec., pgs. 3–4.)

25.    TFF's relationship with Ahold predates the existence of TFNE's Rhode Island facility. Indeed, the MSA arose out of a strategic partnership between TFF and Ahold. (*See* Bryan Dec., ¶ 7.)

26.    TFF's corporate procurement department, which is located in Salinas, California, is responsible for negotiating and entering into most contracts for goods and supplies, such as products used in TFNE's leafy and dry vegetable programs, that TFNE's Rhode Island facility uses in its operations. (*See id.*, at ¶ 8.)

27.    TFF's Electronic Data Interchange ("EDI") team in Salinas, California, is responsible for receiving and processing all orders from Infinity. The EDI team then provides the details of the orders to TFNE's Rhode Island facility for fulfillment. (*See id.*, ¶ 9.)

28.    Pricing decisions are also made outside of Rhode Island. (*See id.*, ¶ 13.)

29.    TFNE does not ship or deliver any of its products to facilities within the State of Rhode Island. Rather, TFNE ships and delivers its products to distribution centers in Maine, Massachusetts, and New York. (*See id.*, ¶ 10.)

30.     TFNE prepares all corporate filings it submits to the Rhode Island Secretary of State in Salinas, California. (*See id.*, ¶ 11.)

31.     TFNE's timekeeping and payroll run out of Salinas, California, and TFNE's computer systems and databases are in Salinas, California. (*See id.*, ¶ 12.)

32.     The general manager of TFNE's Rhode Island facility reports to Mr. Bryan in New Jersey. Mr. Bryan possesses the ultimate decision-making authority with respect to significant personnel and operational matters at TFNE's Rhode Island facility. (*See id.*, ¶ 13.)

33.     TFNE provides employees with medical, vision, and dental insurance under insurance plans it procured in California. (*See id.*, ¶ 14.)

34.     TFNE's legal function sits in Salinas, California, and TFNE's General Counsel works out of Salinas, California. TFNE's General Counsel is barred in the State of California. (*See id.*, ¶ 15.)

35.     Accordingly, TFNE is a citizen of Delaware and California for diversity purposes, and complete diversity of citizenship exists between TFNE and Gutierrez.

## IV.     CONCLUSION

36.     To date, TFNE has not filed a responsive pleading in Gutierrez's state-court action, and no other proceedings have transpired in that action other than the parties stipulating to an extension of time for TFNE to answer or otherwise respond to Gutierrez's Complaint.

37.     Under 28 U.S.C. § 1146(d), TFNE will promptly file a notice of the removal of this action to this Court, along with a copy of this notice, with the state court. TFNE will also serve a copy of the notice to the state court and a copy of this notice on Gutierrez's counsel of record.

38.     Under LR Cv 81, within 14 days of filing this notice, TFNE will do whatever is necessary to enable the clerk of the state court to assemble and electronically transmit a certified copy of the docket sheet and all documents filed in the state-court action.

7

39.    By removing this matter, TFNE does not waive, or intend to waive, any rights, claims, defenses, or other motions, including, but not limited to, any basis for dismissal under Federal Rule of Civil Procedure 12 and a motion to compel arbitration.

**WHEREFORE**, TFNE respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Providence County Superior Court for the State of Rhode Island to the United States District Court for the District of Rhode Island.

**TAYLOR FARMS NEW ENGLAND, INC.**

By its attorneys,

*/s/ Francesco A. DeLuca*
Francesco A. DeLuca (#9293)
Kathryn M. Couture (#10559)
Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
10 Dorrance Street, Suite 700
Providence, RI 02903
Tel: (401) 218-0046
francesco.deluca@ogletree.com
kathryn.couture@ogletree.com

Dated: June 8, 2026

8

## CERTIFICATE OF SERVICE

I certify that on June 8, 2026, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I further certify that on June 8, 2026, a true and accurate copy of the foregoing document was served on Plaintiff's counsel of record by email and first class mail as follows:

Vicki J. Bejma, Esq.
Robinson & Clapham
123 Dyer Street, Suite 135
Providence, RI 02903
vbejma@smrobinsonlaw.com


*/s/ Francesco A. DeLuca*
Francesco A. DeLuca